IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| BOBBY SAUCEDO,<br>TDCJ-CID No. 02465595, | §<br>§<br>§ | |
| Petitioner, | § | Case No. 2:24-CV-00090-Z-BR |
| | § | |
| v. | § | |
| | § | |
| BRYAN COLLIER, | §<br>§ | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

On May 2, 2024, Petitioner Bobby Saucedo filed a *pro se* federal petition for writ of habeas corpus under 28 U.S.C. § 2254. (ECF 3). For the reasons stated below, the petition should be DISMISSED WITHOUT PREJUDICE for failure to exhaust state court remedies.

**I. BACKGROUND**

On August 25, 2023, Saucedo was sentenced to five years of imprisonment on two counts of assault, for which he had received deferred adjudication in February 2022. *State v. Saucedo*, No. 080425-D-CR (320th Jud. Dist., Potter Co., Texas, Aug. 25, 2023). He did not file a direct appeal. State court records indicate that he filed a state habeas application under Article 11.07 of the Texas Code of Criminal Procedure on May 8, 2024.

In his federal habeas petition, Saucedo asserts that (1) he is actually innocent; (2) he was deprived of his right to a jury trial; and (3) he had ineffective of assistance of counsel. (ECF 3 at 6-7). He asks this Court to reopen his case to allow him a jury trial. (*Id.* at 7). However, because Saucedo's Article 11.07 state habeas application is currently pending, the Court concludes that his petition is unexhausted and should be dismissed without prejudice.

## II. LEGAL ANALYSIS

A state prisoner must exhaust all available state-court remedies before a federal court will consider the merits of his habeas claims. *See* 28 U.S.C. § 2254(b) and (c); *Rhines v. Weber*, 544 U.S. 269, 274 (2005). The exhaustion requirement is designed to "protect the state court's role in the enforcement of federal law and prevent the disruption of state judicial proceedings." *Rose v. Lundy*, 455 U.S. 509, 518 (1982). Exhaustion of state-court remedies "'is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court.'" *Morris v. Dretke*, 379 F.3d 199, 204 (5th Cir. 2004) (quoting *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999)). A Texas prisoner may satisfy that requirement by presenting both the factual and legal substance of his claims to the Texas Court of Criminal Appeals in a petition for discretionary review or in an application for a state writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure. *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998).

Saucedo has not satisfied the exhaustion requirement. A review of his § 2254 petition, and a search of the applicable state court online docket sheets confirm that he did not file a direct appeal. His state habeas application was filed six days after this petition and currently is pending before the state trial court. Thus, the Texas Court of Criminal Appeals has not had an opportunity to consider Saucedo's claims and they remain unexhausted.

## RECOMMENDATION

For the reasons set forth above, Saucedo's petition for writ of habeas corpus should be DISMISSED WITHOUT PREJUDICE for failure to exhaust state court remedies. *See* 28 U.S.C. § 2254(b) and (c); Rule 4(b) of the RULES GOVERNING SECTION 2254 PROCEEDINGS.[1]

---

[1] Saucedo is cautioned that the 1996 amendments to the habeas corpus statute impose a one-year statute of limitations for filing habeas corpus petitions in federal court. *See* 28 U.S.C. § 2244(d); *Caldwell v. Dretke*,

INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED May 14, 2024.

*signature*
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

**\* NOTICE OF RIGHT TO OBJECT \***

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276–77 (5th Cir. 1988).

---

429 F.3d 521, 528-29 (5th Cir. 2005). This provision applies to this petition as well as any other petition that he may file in this Court.